No. 05-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 196N

_____

IN THE MATTER OF

A.M., H.M., D.R., and K.R.,

      Youths in Need of Care.

_____

APPEAL FROM:     District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. CDJ-03-157-Y
The Honorable Kenneth R. Neill, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     Meghan Lulf Sutton, Attorney at Law, Great Falls, Montana

     For Respondent:

     Hon. Mike McGrath, Attorney General; Jennifer Anders, Assistant
Attorney General, Helena, Montana

     Brant Light, County Attorney; Sarah Corbally and Matthew Robertson,
Deputy County Attorneys, Great Falls, Montana


_____

Submitted on Briefs:  July 26, 2006

Decided:  August 22, 2006

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 C.M., the mother of the children involved in this case, appeals an order of the Eighth Judicial District Court, Cascade County, terminating her parental rights to A.M., H.M., D.R. and K.R. We affirm.

¶3 One of the children suffers from a rare genetic disorder and requires special care. The Department of Public Health and Human Services (DPHHS) removed the children from C.M.'s custody because of concerns about her use of alcohol. Authorities found C.M. asleep in her vehicle while intoxicated with two of the children present.

¶4 The District Court found the children to be youths in need of care, and ordered a treatment plan on November 20, 2003. In part, the treatment plan required C.M. to maintain sobriety. The District Court extended temporary legal custody of the children to DPHHS on June 9, 2004, to give C.M. an additional three months to work on her treatment plan. The District Court ordered an additional three month extension on October 5, 2004.

¶5 On December 30, 2004, DPHHS finally filed a petition for termination of C.M.'s parental rights. Following a termination hearing, the District Court terminated the parent-

2

child legal relationships between C.M. and the children. The District Court found that C.M. continued to use alcohol. It also concluded that C.M. failed to successfully complete her treatment plan, and the conduct rendering her unfit was unlikely to change within a reasonable time. This appeal followed.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶7 C.M. argues that the District Court ignored testimony at the termination hearing that she made progress on her treatment plan. Given this progress, C.M. contends that the District Court abused its discretion in terminating her parental rights. However, after a consideration of all of the evidence presented at the termination of parental rights hearing, and especially considering the evidence concerning the seminal requirement that C.M. maintain sobriety, the District Court found that she had not met the requirements of the plan. She had tested positive for alcohol seven times. The last positive test occurred on April 18, 2005, shortly before the hearing. C.M. additionally missed ten random tests for alcohol use. The record supports these findings. C.M. admitted relapsing into alcohol use.

¶8 This Court reviews a district court's findings of fact to determine if they are clearly erroneous, and its conclusions of law to determine whether it correctly interpreted and applied the law. *In re A.N.W.*, 2006 MT 42, ¶ 28, 331 Mont. 208, ¶ 28, 130 P.3d 619, ¶ 28. This Court reviews a district court's ultimate decision to terminate parental rights for abuse of discretion. *A.N.W.*, ¶ 29. This Court should neither reweigh

3

conflicting evidence nor substitute its judgment regarding the strength of the evidence for that of the district court. *A.N.W.*, ¶ 29.

¶9 A treatment plan requires complete compliance, as opposed to partial or even substantial compliance. *In re A.A.*, 2005 MT 119, ¶ 31, 327 Mont. 127, ¶ 31, 112 P.3d 993, ¶ 31.

¶10 The District Court did not abuse its discretion in terminating C.M.'s parental rights. Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE